### *ROBERTS* vs. *KINCHEN & AL.*

APPEAL from the court of the eighth district.

MATTHEWS, J. delivered the opinion of the court. In this case the plaintiff obtained an injunction to stay proceedings on an execution which had issued on a judgment rendered against him in favor of one of the defendants, as curator of the estate of Gerrard Morris. On hearing the cause, the injunction was dissolved, and from the judgment of dissolution the plaintiff appealed.

" The expiration of the office of a curator, does not prevent the execution of a writ issued in his name while he legally represented the estate.

The case comes up on a statement of facts, and bill of exceptions to the opinion of the judge *a quo*, by which he refused a continuance of the cause  But as the evidence, for want of which the continuance was prayed, appears to be admitted in the statement of facts, it is now unnecessary to inquire into the correctness of the proceedings by which the defendants were ruled to trial.

The statement of facts shews, that Morris, the intestate, died in the state of Georgia; that one Baylys was appointed administrator of his estate, and guardian of his minor children in that state; that he came to the parish of St. Helena, in this state, where certain negro slaves were delivered to him, as belonging to the estate of which he had obtained administration in Georgia; and that he sold and delivered these slaves to the appellant.

It is further shown by the statement, that Baylys, on his return to the state of Georgia, was removed from both his offices, of administrator and guardian, and another person appointed in his place; and that after the trial of the cause of *Kinchen, curator* vs. *Roberts,* and the issuing of the execution,

Kinchen settled up his account of curatorship; and was discharged from his trust by the probate court of St. Helena.

The only question which we deem worty of consideration arising out of these facts is, whether the sheriff can legally proceed in the execution of the writ, after the disability of the plaintiff in the former suit, occasioned by his discharge from the office of curator. The capacity of Kinchen as curator, to sue and obtain judgment at the time it was rendered, cannot now be questioned, as no appeal was taken on that trial. It is true, the present proceeding purports to be instituted with the intent of having that judgment avoided by an action of nullity; but the evidence of the case shows no cause of nullity, as laid down in our code of practice.— *See code prac. p.* 204 *and* 206.

The execution was awarded at a time when it could legally issue, and when there existed no impediment against carrying it into complete effect, except that which was raised by the defendant in consequence of the present suit for an injunction; which appears to have been wrongfully sued out, and was subsequently discharged. If this delay

in proceeding on the execution, occasioned by the conduct of the plaintiff in the present action, should be considered a sufficient cause to destroy entirely the effect of the writ, it would be suffering the party to take advantage of his own wrong, which ought never to be allowed. The decision in favor of the curator seems to settle the right of property in the slaves to be in the heirs of Morris; and if under that judgment they be taken out of the possession of the defendant, he will be released from all responsibility to the legal owners; and, consequently, has nothing to fear from any pursuit which they may hereafter improperly institute against him. As the term of the curator's office has expired, perhaps there is now no person legally authorised to receive the property from the hands of the sheriff; but this is a matter that cannot in any manner affect the interest of the present appellant, as he can no longer be bound as owner.

We are, therefore, of opinion, that the execution is properly let loose by the dissolution of the injunction.

It is therefore ordered, adjudged and de-

creed, that the judgment of the district court be affirmed with costs.

EasternDis'ct
March 1827.

*Christy* for the plaintiff, *Watts* for the defendant.